Nash, J.
 

 The bill was filed at Spring Term 1847, and at June Term 1846 the case of
 
 Hinton
 
 v.
 
 Hinton,
 
 6 Ired. 274, was decided, which, in connection with the act of the last General Assembly, ch. 101 s. I, disposes of this case. . It is not necessary to recite the facts of the case referred to, and we presume this bill was filed in consequence of what fell from the Chief Justice in the last section of his opinion. He observes, that, in the preceding part of the opinion, the case had been considered solely as a question of law, upon the construction of the act of 1784, without adverting to the petitioner's sickness,which is stated in the
 
 case.
 
 ‘‘If it were material, it could not operate here,
 
 because
 
 it is not stated in the petition $-c.” “But,” the opinion proceeds, “if the petition had been otherwise framed, and had set out that excuse, it would have made no difference.” It is true, the case then before the Court did not call for the expression of opinion upon that point, and it may therefore, be considered, extrajudicial ; yet the individuals then composing the Court were united in it, and a majority of those, who were then upon the bench, arc still so ; and see no reason to alter their opinion. 1 am authorised to say. Judge Pearson concurs in the opinion. The Legislature so considered the law to be after that decision, for in the act referred to, passed at their recent session, they give the widow a right, where-
 
 *3
 
 she is sick or too infirm to travel to Court, to cause her dissent to be entered by her attorney.
 

 Per Curiam.
 

 Bill dismissed with costs.